UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cv-00124-MOC

| ROBIN G. PRUITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order granting the government's Motion for Summary Judgment and affirming the final decision of the Commissioner.

### FINDINGS AND CONCLUSIONS

### I.  Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the

Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

> d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
>
> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process, finding that the Medical-Vocational Guidelines (the "Grids") directed a finding of "not disabled."

### C. The Administrative Decision

An ALJ held a hearing on February 3, 2012, at which Plaintiff, who was represented by an attorney, appeared and testified. Tr. 19-38. In his written determination, the ALJ found that plaintiff, who suffers from the severe impairments of diabetes mellitus and obesity, lacked the residual functional capacity to perform her past work as a cook's helper performed at medium exertional level, but had the capacity to perform a full range of light work. Using Rule 202.10 of the Grids, the ALJ determined that plaintiff was not disabled from the alleged onset date of July 1, 2008, through December 31, 2009, her date last insured. Tr. 14-15.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:

I. The ALJ Improperly Evaluated Plaintiff's Mental Impairments; and

II. The ALJ's RFC Determination is Not Supported by Substantial Evidence.

Plaintiff's assignments of error will be discussed *seriatim*.

#### 2. First Assignment of Error: Evaluation of Medical Impairments

Plaintiff first contends that the ALJ failed to properly evaluate all of her medical impairments. Pl. Br. 7-9. After close review of the ALJ's decision and the relevant medical evidence, the court disagrees.

##### a. Depression at Step Two

First, plaintiff argues that the ALJ erred by failing to find that she suffered any severe mental impairments. Review of the decision reveals, instead, that the ALJ reviewed the medical evidence relevant to plaintiff's mental health as well as considered the impact such alleged condition had on her activities of daily living. A severe impairment is one that significantly limits an individual's ability to do basic work activities. 20 C.F.R. § 404.1520(c). Clearly, plaintiff listed depression on a disability report filed in support of her application for benefits and, quite

properly, the ALJ considered plaintiff's allegation of depression at step two of the sequential evaluation process, finding that the treatment record failed to demonstrate any significant limitations resulting from her depression. Tr. 11. Further, he specifically reviewed the impact of her alleged depression on her activities of daily living, and ultimately concluded that plaintiff's depression was a non-severe impairment. Plaintiff's contention that the ALJ did not explicitly consider and analyze all of the evidence of her mental impairments is not persuasive as the ALJ stated that he considered her allegations of severe depression. Tr. 11. Further, as has been established in this district, any error at step two is harmless where, as here, the ALJ continues to consider the vocational impact of the alleged impairment at the remaining steps of the sequential evaluation process. See Stacey v. Astrue, No. 09-181, 2011 WL 841356, at *3 (W.D.N.C. Jan. 28, 2011), adopted 2011 WL 873463 (W.D.N.C. March 7, 2011). Substantial evidence supports the ALJ's step two determination and the court can find no legal error in the ALJ's consideration of that issue. Such assignment of error is overruled.

### b. Depression Considered in Remaining Steps

The ALJ determined at step four that plaintiff could not perform her past relevant work. In determining plaintiff's RFC, the ALJ specifically considered and

noted plaintiff's alleged depression, Tr. 12, but concluded that it did not cause any significant mental limitations. Tr. 13. In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). When an ALJ finds at least one severe impairment, all impairments, both severe and non-severe, are considered in assessing a claimant's RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p.

As the ALJ found that plaintiff had other severe impairments, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." Pompa v. Comm'r of Social Security, 2003 WL 21949797, at *1 (6th Cir. Aug. 11, 2003).[1] In order for an impairment to be severe it must significantly limit a plaintiff's ability to perform basic work activities. See 20 C.F.R. § 404.1520(c). Here, the ALJ noted that plaintiff got along well with others, performed activities of daily living, and performed personal grooming

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

without assistance. Tr. 13. The ALJ also noted that in assessing plaintiff's RFC, he accorded great weight to the State agency psychologist's opinion that plaintiff's depression and anxiety were non-severe. Tr. 13; see also Tr. 275-77. Clearly, the ALJ considered and relied on the opinion of Dr. Strobel-Nuss, which in turn took into account the July 2010 report from Dr. Heath, generated from a visit after plaintiff's date last insured. Plaintiff has failed to identify how her alleged mental impairment resulted in work-related limitations greater than those found by the ALJ during the relevant time period. Finally, the court has considered plaintiff's argument that it was error for the ALJ to not include any non-exertional limitations in his RFC. Such determination was, however, a reasonable one supported by substantial evidence inasmuch as the ALJ had concluded that the record did not demonstrate any significant mental limitations. TR. 13. Accordingly, this claim of error must also fail.

### 3. Second Assignment of Error: The Commissioner's RFC Determination is Not Supported by Substantial Evidence

The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(b). The ALJ found that plaintiff retained the ability to perform a full range of light work, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. 20

C.F.R. § 404.1567(b). Plaintiff asserts that the ALJ's RFC finding is erroneous because it does not account for her inability "to function at the light exertional level for a complete day." Pl. Br. at 9. In support of such argument, plaintiff points to fatigue and pain, that she needs to take breaks five to six times per day due to her physical conditions, and that she has to sit down after standing or walking for thirty minutes due to pain. Id. Contrary to plaintiff's argument, the ALJ gave full consideration to such contentions. Tr. 12-13. Indeed, the ALJ explicitly considered those limitations, including plaintiff's testimony:

> She testified that her conditions leave her exhausted, thirsty and tired. She contends that she can stand no more than 30 minutes, can walk no more than 20 to 30 minutes in Wal-Mart, and can hold no more than a gallon of milk. She asserted she often has accidents due to her irritable bowel syndrome and has foot and hand pain due to neuropathy in her hands and feet.

Tr. 12-13. After explicitly considering such allegations and finding that such her medically determinable impairments could reasonably be expected to cause the symptoms as to which she testified, the ALJ found that her testimony concerning the intensity, persistence and limiting effects of such symptoms were to a certain extent not credible. Tr. 13. The ALJ went on to explain the evidence which supported his decision not to fully credit such allegations. Id.

In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id., (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). Here, the ALJ specifically found that her "description is inconsistent with the weight of the record when considered in its entirety." Tr. 13. The ALJ further explained that such testimony was inconsistent with her reports of daily activities, in that "she functions quite independently by preparing her own meals, maintaining personal hygiene, performing household chores, and driving when necessary." Id.

Such consideration of daily activities is precisely the type of evaluation required under current case law. In considering an almost identical method of evaluating pain in Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), the late Honorable K. K. Hall, Circuit Judge, in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, held:

> This refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.

Id., at 927. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints. Substantial evidence supports the ALJ's determinations and the court overrules this assignment of error.

### E.    Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#7) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#11) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: 4/29/2014

Max O. Cogburn Jr.
United States District Judge